IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CHRISTOPHER T. WELLIVER,<br><br>Plaintiff,<br><br>vs.<br><br>JEFFREY STOVALL, DAVE FIREBAUGH, CITY OF BILLINGS,<br><br>Defendants. | CV 22-96-BLG-TJC<br><br><br>ORDER |

Plaintiff Christopher T. Welliver (Welliver) was a state prisoner proceeding pro se and in forma pauperis at the time he filed this civil rights action under 42 U.S.C. § 1983. (*See e.g.* Doc. 4.) Welliver advised the Court that as of March 10, 2023, he would be released from custody of the Montana State Prison and provided notice of his change in address. (Doc. 32.) It appears that following his release from custody, Welliver has stopped engaging in the present litigation.

This matter now comes before the Court on Defendants' respective motions for sanctions, which seek an order dismissing the case based upon Welliver's failure to provide discovery responses and refusal to comply with the Court's orders. (*See* Docs. 44 & 46.)

**Background**

Welliver filed an amended complaint alleging that the Defendants used

1

excessive force during his March 25, 2020 arrest, in violation of the Fourth Amendment.  (Doc. 6.)  On January 10, 2023, this Court entered a scheduling order.  (Doc. 16.)  Pursuant to the Order, discovery requests were to be served by May 8, 2023, and discovery was to be completed by June 9, 2023.  (Doc. 16 at 6-7.)

On March 15, 2023, the City of Billings (the City) served written discovery requests upon Welliver.  (Doc. 37 at 2.)  Welliver failed to provide responses.  On May 1, 2023, the City sent Welliver a meet and confer letter in an effort to resolve the issue and in compliance with Local R. 26.3(c)(1).  (*See* Doc. 37-1.)  The City further notified Welliver that if it did not receive his discovery responses by May 10, 2023, it would be forced to file a motion to compel.  (*Id*. at 2.)  On May 16, 2023, the City filed its motion to compel.  (Doc. 36.)  Welliver failed to respond to the City's motion to compel.  On June 1, 2023, the City's motion to compel was granted and Welliver was ordered to provide written answers to the City's set of discovery requests within fourteen days.  (Doc. 41.)  Welliver failed to comply with the Court's order.

On March 23, 2023, Defendants Stovall and Firebaugh served written discovery requests upon Welliver.  (*See* Docs. 39-1 & 39-2.)  Welliver failed to provide responses.  On May 16, 2023, counsel for Defendants sent Welliver a meet and confer letter in an effort to resolve the issue and in compliance with Local R.

26.3(c)(1). (*See* Doc. 39-3.) The Defendants further notified Welliver that if they did not receive his discovery responses by May 19, 2023, they would file a motion to compel. (*Id*. at 1.) On May 24, 2023, Defendants filed their motion to compel and brief in support. (Docs. 38 & 39.) On June 12, 2023, this Court granted Stovall and Firebaugh's motion to compel; Welliver was given fourteen days within which to serve his written discovery responses. Further, Defendants' request for admission were deemed admitted. (*See generally* Doc. 43.) Welliver failed to comply with the Court's order.

As set forth above, both sets of Defendants have now sought an order dismissing the matter based upon Welliver's failure to provide his discovery responses and comply with the Court's orders.

**Analysis**

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v), the Court may dismiss an action if a party fails to obey an order to provide discovery. Likewise, under Rule 41(b), a court may dismiss an action for failure to comply with court orders and failure to prosecute. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). "A district court should consider five factors before imposing the sanction of dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and

(5) the availability of less drastic sanctions." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F. 3d 1007, 1022 (9th Cir. 2002) (listing factors for consideration under 37(b)); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (listing same factors for consideration under Rule 41(b)).  "The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007)(citations omitted).  "This 'test' is not mechanical. It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow." *Id*.  "In deciding whether to impose case-dispositive sanctions, the most critical factor is…whether the discovery violations threaten to interfere with the rightful decision of the case." *Id*. at 1097 (citations omitted).

Applying the relevant facts here, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Welliver has failed to comply with this Court's orders requiring him to respond to Defendants' discovery requests and to show cause why this action should not be dismissed.  This factor weights in favor of dismissal.

Likewise, the second factor for the Court to consider supports dismissal.

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002).  The Court cannot manage its docket if Welliver refuses to comply with the Court's orders.  This case also cannot proceed if Welliver fails to respond to discovery requests.  This factor, therefore, also favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Defendants.  A rebuttable presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution of an action.  *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  Nothing suggests that such a presumption is unwarranted in the present case.  Defendants are also obviously prejudiced if they are unable to conduct discovery.

The Court has considered less drastic alternatives.  Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel."  *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981).  Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal.  *Id*.  Here, Welliver was afforded an adequate amount of time to comply with the Court's Order and respond to Defendants' combined discovery requests.  Welliver was also given the opportunity to show

cause why sanctions, including dismissal, should not be imposed.  He has not done so.  Further, Welliver was advised that his failure to obey the court's order would result in dismissal.  (*See* Doc. 41 at 2); (*see also* Doc. 43 at 2.)  Such a warning satisfies the considerations of the alternative requirement.  *See Ferdik*, 963 F.2d at 1262.  Welliver had adequate warning that dismissal would result from his repeated noncompliance.  At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits.  *Hernandez v. City of El Monte,* 138 F.3d 393, 399 (9th Cir. 1998).  But Welliver has a corresponding responsibility to move the case towards disposition at a reasonable pace, to comply with local rules and court orders, and to avoid dilatory tactics.  *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991).  And in light of the other four factors favoring dismissal, the weight of this factor is slight.

"Besides weighing the foregoing factors, the district court must also determine that the violations of discovery orders were due to the willfulness, bad faith, or fault of the party.  Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault."  *Hyde & Drath v. Baker*, 24 F.3d 1162, 1167 (9th Cir. 1994) (citations omitted).

There is nothing in the record to suggest that Welliver's failure to meet his

discovery obligations and comply with the Court's orders is outside of his control. In the past, Welliver has demonstrated the ability to file pleadings with the Court and respond to the Court's order. He has, for example, responded to this Court's order directing his to file an amended complaint, (Doc. 6), filed a motion to appoint counsel, (Doc. 24), filed a motion for subpoena, (Doc. 25), and filed a disclosure statement. (Doc. 28.) Thus, there is nothing in the record to indicate that Welliver's failure to comply with the Court's discovery order and show cause order was not willful.

This matter is, therefore, subject to dismissal for failure to prosecute, pursuant to Fed. R. Civ. P 41(b), and for failure to comply with a discovery order, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v).

**Conclusion**

Based upon the foregoing, the Court will grant the City's motion to dismiss (Doc. 44) and grant Defendants Firebaugh and Stovall's motion to dismiss (Doc. 46) as a sanction for Welliver's non-compliance. This case will be dismissed in its entirety with prejudice.

IT IS HEREBY ORDERED:

1. The City of Billings' Motion to Dismiss (Doc. 44) is GRANTED.

2. Defendants Firebaugh and Stovall's Motion to Dismiss (Doc. 46) is GRANTED.

3.  Cause No. CV 22-96-BLG-TJC is dismissed.  The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

4.  The Clerk of Court shall have the docket reflect that the Court certifies, pursuant to Ruel 24(a)(3)(A) of the Federal Rules of Appellate Procedure, that any appeal of this decision would not be taken in good faith.  The record makes plain that Plaintiff has failed to prosecute this matter and comply with the Court's orders.

DATED this 6th day of July, 2023.

*/s/ Timothy J. Cavan*
Timothy J. Cavan
United States Magistrate Judge